IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA K. GIBB                         )
                                      )
          Plaintiff,                  )
                                      )
     -vs-                             )          Civil Action 19-518
                                      )
ANDREW M. SAUL,                       )
                                      )
          Defendant.                  )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

## Synopsis

Maria K. Gibb ("Gibb") seeks review of a decision denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Gibbs alleges an onset of disability on May 11, 2015. (R. 12) Her claim was denied initially. Following a hearing during which both Gibb and a vocational expert ("VE") appeared and testified, the ALJ denied benefits.  Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 9 and 12. For the reasons set forth below, the ALJ's decision is vacated and the case is remanded for further consideration.

## Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When

reviewing a decision, the district court's role is limited to determining whether the record

contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,*

*312 F.3d 113, 118 (3d Cir. 2002)*. Substantial evidence has been defined as "more than

a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v.*

*Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is

"not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir.

1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of

evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve,

a conflict created by countervailing evidence.  Nor is evidence substantial if it is

overwhelmed by other evidence – particularly certain types of evidence (e.g., that

offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by

substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606

F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or

re-weigh the evidence; the court can only judge the propriety of the decision with

reference to the grounds invoked by the Commissioner when the decision was

rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery*

*Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must

defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Gibb engaged in substantial gainful activity during the third quarter of 2015, earning $18,514, during the fourth quarter of 2015, earning $290, and in 2016, earning $406.59. (R. 14-15) However, the ALJ also found that there has been a continuous 12-month period during which Gibb did not engage in substantial gainful activity and proceeded to render findings with respect to that period. (R. 15) At step two, the ALJ concluded that Gibb suffers from the following severe impairments: treatment resistant depression, severe anxiety, panic disorder, prolonged QT syndrome, migraines, posttraumatic stress disorder (PTSD), and unspecified personality disorder. (R. 15-16) At step three, the ALJ determined that Gibbs did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16-17) Between steps three and four, the ALJ decided that Gibb had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 17-24) At the fourth step of the analysis, the ALJ concluded that Gibb was unable to perform her past relevant work. (R. 25) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Gibb's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 25-26)

III. Discussion

Although Gibb raises multiple arguments, I need consider only one. Gibb asserts, and the Commissioner does not dispute, that the ALJ erroneously found that she was engaged in substantial gainful activity in the third quarter of 2015. The record demonstrates that, although Gibb did receive earnings during the third quarter of 2015, those earnings came from donated time from her fellow workers and her own accrued sick time during the third quarter period. (R. 162-73) Indeed, Gibb specifically represented in her Work Activity Report that her last day at work for the Veterans Administration was May 11, 2015 and that any money received after that date came from "VA Pittsburgh Healthcare Donated sick and also earned sick." (R. 164) The ALJ did not recognize these earnings as sick time and / or donated sick time.

The Commissioner would have me ignore the ALJ's findings regarding Gibb's earnings as "harmless error" because the sequential analysis did not end at step one.

I cannot. The ALJ's findings regarding step one are not supported by substantial evidence of record because she ignored Gibb's earnings and wrongfully determined the period during which she did not engage in substantial gainful activity. In other words, "the ALJ committed reversible legal error by failing to conduct her step-one analysis within the proper analytical framework." *Medina v. Colvin*, Civ. No. 12-1180, 2014 WL 12798334, at * 7 (D. N.M. Jan. 9, 2014) (rejecting "harmless error" contention advanced by commissioner where the ALJ disregarded Work Activity Report and found the claimant engaged in substantial gainful activity, even where the ALJ proceeded with the analysis beyond step one). "[T]he ALJ failed to give Plaintiff the benefit of a rebuttable presumption that Plaintiff had not performed work at the SGA level from" the alleged onset date through the date of the hearing." *Medina*, 2014 WL 12798334, at * 7.

4

Further, the ALJ specifically stated at step one that "this evidence of work activity is probative as to the issues in this matter…" (R. 15) The ALJ subsequently found that Gibb's "allegations of complete inability to work are not supported by the medical signs and findings and are not consistent with the record." (R. 24) I am unprepared to conclude that the ALJ's erroneous determinations regarding substantial earnings did not influence her assessment of Gibb's symptoms.[1] *See Bolduc v. Berryhill*, Civ. No. 15-4721, 2017 WL 115095, at * 5 (D. S.C. Mar. 28, 2017) ("While the ALJ did not specifically rely on assertions made by Plaintiff regarding his work history in his sequential analysis after step one, it is unclear to this Court whether this finding constitutes 'harmless error,' and if this likely prejudiced Plaintiff, specifically the ALJ's analysis of Plaintiff's credibility. Accordingly, this Court cannot find that substantial evidence supports the ALJ's finding at step one and will remand this case  for the ALJ to reconsider his step one analysis.") Consequently, the decision must be remanded.

---

[1] The ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 18) Consequently, the Commissioner's citation to decisions such as *Moore v. Astrue*, Civ. No. 9-250, 2010 WL 5055748, at * 5 (E.D. Wash. Nov. 24, 2010) is unpersuasive. In Moore, not only did the claimant concede that his earnings constituted substantial gainful activity, but he did not challenge the ALJ's findings regarding credibility.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA K. GIBB                                    )
         Plaintiff,                      )
  -vs-                                           )          Civil Action No. 19-518
                                                 )
ANDREW M. SAUL,                                  )
                                                 )
    Defendant.                              )

AMBROSE, Senior District Judge.


**<u>ORDER OF COURT</u>**

Therefore, this 16th day of April, 2020, it is hereby ORDERED that the Plaintiff's

Motion for Summary Judgment (Docket No. 9) is GRANTED and the Defendant's

Motion for Summary Judgment (Docket No. 12) is DENIED. It is further ORDERED that

this case is REMANDED for further consideration. The Clerk of Courts shall mark this

case "Closed" forthwith.

BY THE COURT:

<u>/s/ Donetta W. Ambrose</u>
Donetta W. Ambrose
United States Senior District Judge